IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

        Plaintiff,

    v.

FEDERAL DEPOSIT INSURANCE CORPORATION,

        Defendant.

JUDGE JONES

07 CIV 9435

ECF Case

RECEIVED OCT 22 2007 U.S.D.C. S.D.N.Y. CASHIERS

### COMPLAINT AND DEMAND FOR JURY TRIAL

1.    This is a civil action by plaintiff Jane Doe against defendant Federal Deposit Insurance Corporation under the remedial provisions of the Privacy Act, 5 U.S.C. § 552a, and the employee protection provisions of the Federal Deposit Insurance Act, 12 U.S.C. § 1831j, for damages, civil penalties, attorneys' fees, and other relief. On filing this complaint, plaintiff's counsel will disclose her true identity to the government.

2.    Doe is and at all relevant times was an employee of FDIC.

3.    FDIC is an agency of the federal government, a public corporation pursuant to 12 U.S.C. § 1811, and a federal banking agency as defined in 12 U.S.C. § 1831j(e).

**II.    JURISDICTION AND VENUE**

4.    This Court has subject matter jurisdiction over the claims alleged in this complaint under the Privacy Act, 5 U.S.C. § 552a(g)(1); the FDI Act, 12 U.S.C. § 1831j(b) and (c); and federal question jurisdiction under 28 U.S.C. § 1331.

5.    Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) and (c) in that FDIC resides, and engaged in a substantial part of the events or omissions giving rise to the claim, in this district.

### III. DOE'S EMPLOYMENT WITH FDIC

6. In the course of her employment, Doe engaged in protected conduct under 12 U.S.C. § 1831j, including, but not necessarily limited to, reporting possible violations of law and regulations to the agency.

7. FDIC retaliated against Doe for engaging in the protected conduct by means including, but not necessarily limited to, negative and factually inaccurate performance evaluations and grievance responses, other violations of the Privacy Act; hostile work conditions; restrictions on her ability to perform her duties as a bank examiner; selective disciplinary actions; denial of her requests to transfer to another field office; and denial of training, monetary awards, and advancement in position and pay.

### COUNT I
### 5 U.S.C. § 552a

8. Doe realleges paragraphs 1 through 7 above.

9. In connection with its conduct described above, FDIC violated the requirements of the Privacy Act, 5 U.S.C. § 552(a).

10. To the extent required, if any, Doe has exhausted administrative remedies.

11. Doe has been damaged as a result of FDIC's unlawful conduct.

### COUNT II
### 12 U.S.C. § 1831j

12. Doe realleges paragraphs 1 through 11 above.

13. By its conduct described above, and otherwise, FDIC unlawfully discriminated and retaliated against Doe, in violation of the antiretaliation provisions of the FDI Act, 12 U.S.C. § 1831j(b).

14. Doe has been damaged as a result of FDIC's unlawful conduct.

### DEMAND FOR RELIEF

WHEREFOR, Doe demands that judgment be entered against FDIC as follows:

A. On Count I, directing the agency to amend Doe's records in accordance with her requests or in such other way as the court may direct; and for damages and civil penalties in amounts to be determined at trial, and for reasonable attorneys' fees and other litigation costs reasonably incurred in the case;

B. On Count II, under the employee protection provisions of the FDIC Act, 12 U.S.C. § 1831j, reinstatement, compensatory damages, including, but not necessarily limited to, restoration of training, pay, promotion, transfer, and other remedies necessary and all other appropriate remedial actions; and

C. For such other relief in law and equity as the court deems appropriate.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Doe hereby demands trial by jury of all issues so triable as a matter of right.

Dated: New York, New York
October 22, 2007

LAW OFFICE OF TIMOTHY J. McINNIS

/s/
Richard F. Bernstein
Of counsel
521 Fifth Avenue, Suite 1700
New York, New York 10175-0038
Telephone: (212) 292-4573
Facsimile: (212) 292-4574